Filed 5/28/21  Mohsen v. Wells Fargo Shareowner Services CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| AMR MOHSEN, | H045652 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-14-CV-272395) |
| v. | |
| WELLS FARGO SHAREOWNER SERVICES et al., | |
| Defendants and Respondents. | |

Plaintiff Amr Mohsen appeals from a judgment of dismissal entered after the trial court sustained the demurrer of defendants Wells Fargo Bank Shareowner Services (Wells Fargo), Microsemi Corporation (Microsemi), and certain named individuals[1] to his first amended complaint.  He contends that the trial court erred by dismissing without leave to amend his cause of action for professional negligence and breach of fiduciary duties.  We affirm.

## I.    BACKGROUND

Plaintiff was the co-founder of Actel Corporation (Actel), and was its Chairman, President, and CEO during its first few years of operation.  Plaintiff alleged that prior to Actel's initial public offering, plaintiff gifted 25,000 shares of Actel to his children.  The shares were held by a trust, Star Trust, of which plaintiff was trustee and sole beneficiary.

_____

[1] The individual defendants are employees and officers at Wells Fargo and Microsemi.  For purposes of our analysis, we will refer only to the corporate entities.

In 2005, plaintiff individually filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

In October 2013, the trustee of plaintiff's bankruptcy estate filed a complaint for turnover and declaratory relief. The complaint stated that in July 2013, Wells Fargo, which had been retained by Microsemi in connection with its purchase of Actel, had contacted the trustee. Wells Fargo advised the trustee that it "had learned of [plaintiff's] bankruptcy proceeding and was concerned that [plaintiff] was trying to conceal assets" from the trustee. When plaintiff filed for bankruptcy, he did not identify the 25,000 shares of Actel stock as part of his bankruptcy estate. When asked about the shares, plaintiff initially told the trustee "that 'he does not understand how these shares came about, how they were acquired and the history of their ownership.' " Based on the foregoing, the trustee believed that plaintiff was "secreting the shares from the [bankruptcy] estate" and requested that the bankruptcy court order the shares to be turned over to the trustee. Plaintiff opposed the request, asserting that he had "transferred the Actel shares to his children in 1993 but that the name changes and issuance of the new stock certificates were never consummated."

On cross motions for summary judgment, the bankruptcy court rejected plaintiff's assertions and determined that the Actel shares were property of the bankruptcy estate and must be turned over to the trustee. The bankruptcy court noted that while plaintiff's allegations would ordinarily raise an issue of material fact, even if plaintiff could prove "he attempted to transfer the shares, the transfer would be void" because the alleged transfer was never perfected. Under applicable law, "a transfer of personal property is void if not accompanied by an immediate delivery followed by an actual and continuous change of possession[.]" The bankruptcy court found no applicable exception to this rule. Accordingly, the bankruptcy court ordered plaintiff to turn over the shares to the trustee.

In October 2014, plaintiff filed a pro se complaint in Santa Clara County Superior Court alleging professional negligence, defamation, and fraud. The complaint named Wells Fargo and Microsemi as defendants.[2] In December 2015, he filed a first amended complaint, adding seven individual defendants who were associated with Wells Fargo and Microsemi. The first amended complaint asserted five claims: (1) professional negligence and breach of fiduciary duty; (2) fraudulent misrepresentation; (3) violation of Racketeer Influenced and Corrupt Organizations (RICO); (4) conspiracy to violate RICO; and (5) defamation, libel, and slander.

As to the first cause of action, the first amended complaint alleged that Actel, Wells Fargo, and Microsemi negligently breached "their duty of professional care and fiduciary duty of completing the gift-transfer of the 25,000 shares of Actel, and of informing [plaintiff of] the status of these shares and of the required notices to shareholders during the period 1993 to 2010 including the purchase of Actel by Microsemi in 2010." As to Wells Fargo, plaintiff alleged that Microsemi retained Wells Fargo to liquidate Actel shares after acquiring Actel in 2010, and that Wells Fargo breached its fiduciary duties by "not informing [plaintiff] of the status of [the 25,000] shares and of required notices during the period 2010 to 2013." He also asserted that he had "no contact with Wells Fargo prior to their [*sic*] communication with the Trustee" in July 2013. The second through fifth causes of action, in general, alleged that defendants should be held liable for informing the bankruptcy trustee of the undisclosed shares of Actel stock, which resulted in the judgment against plaintiff in the bankruptcy proceeding.

Wells Fargo, later joined by Microsemi, filed a demurrer to all causes of action and a special motion to strike all causes of action under Code of Civil Procedure

---

[2] The complaint also erroneously named Actel, which no longer existed, as a defendant.

3

section 425.16. Plaintiff opposed, and Wells Fargo replied. Plaintiff later moved for leave to file a second amended complaint.

On September 25, 2017, the trial court sustained Wells Fargo's demurrer without leave to amend as to the first cause of action, finding that plaintiff failed to allege that Wells Fargo owed him a duty of care or breached that duty. Specifically, the court found that the first amended complaint failed to allege any facts or circumstances that would suggest that Wells Fargo owed a professional or fiduciary duty of care to plaintiff. Indeed, plaintiff alleged "that Microsemi retained Wells Fargo to facilitate the liquidation of the shares of Actel when it purchased it in 2010." Thus, the court determined that plaintiff's allegations suggested that if Wells Fargo had any duty of care in this case, it was to Microsemi and not to plaintiff. As to the second through fifth causes of action, the trial court granted Wells Fargo's special motion to strike because those causes of action were based on Wells Fargo's communications with the trustee overseeing plaintiff's bankruptcy estate, which were protected activities.

The court also declined to grant leave to file a second amended complaint. The court stated: "The supporting declaration neither states when the facts giving rise to the amended allegations were discovered, nor the effect of the amendments . . . . [In addition,] [t]his motion to amend was not timely served or filed . . . as it should have been served by hand delivery and filed with the Court no later than June 13, 2017." Even if timely and procedurally proper, the court concluded that the proposed second amended complaint nevertheless failed to allege facts suggesting that Wells Fargo owed any professional or fiduciary duty to plaintiff.

On October 31, 2017, plaintiff moved for reconsideration. On November 21, 2017, the trial court denied the motion, finding that it was untimely, that it failed to present any new facts, circumstances, or law, and that it did not demonstrate reasonable diligence. Judgment of dismissal was entered on January 5, 2018. On March 9, 2018, plaintiff filed a notice of appeal.

4

Microsemi moved to dismiss the appeal as untimely.  This court granted the motion in part, finding that the notice of appeal was untimely as to the counts that were subject to the special motion to strike.  The appeal was permitted to proceed only as to the judgment of dismissal of the first cause of action, which was dismissed after the court sustained the demurrer.  On plaintiff's motion, Microsemi was later dismissed from the appeal, leaving only Wells Fargo.

## II.    DISCUSSION

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.  [Citations.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]"  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  When the trial court has sustained the demurrer without leave to amend, this court must determine "whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse.  [Citation.]"  (*Ibid.*)  The burden is on the plaintiff to show a reasonable possibility of curing a defect.  (*Barroso v. Ocwen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1008 (*Barroso*).)

To state a cause of action for professional negligence, a plaintiff must allege: " '(1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.  [Citations.]' "  (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1077.)  "The elements of a claim for

5

professional negligence incorporate a specific standard of care into the elements of a negligence claim." (*Ibid*.)

"[A] breach of fiduciary duty is a species of tort distinct from a cause of action for professional negligence. [Citations.] The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. [Citation.]" (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1086.) "A fiduciary or confidential relationship can arise when confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." (*Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1101-1102, superseded by statute on another ground as stated in *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 396.)

Here, plaintiff's first amended complaint failed to state a claim of either professional negligence or breach of fiduciary duty. Plaintiff alleged that Microsemi retained Wells Fargo after it acquired Actel in 2010. There is no indication in plaintiff's first amended complaint that Wells Fargo had any role prior to 2010. Plaintiff suggests that Wells Fargo was liable as an agent of a principal for conduct of its principal from 1993 to 2010, however he provides no authority for an extension of agent liability to a time prior to Wells Fargo's involvement as an agent.[3] Because Wells Fargo had no role in the subject dispute prior to 2010, plaintiff's cause of action for professional negligence and breach of fiduciary duty for alleged conduct occurring between 1993 and 2010 did not state a cognizable claim.

As for events after 2010, plaintiff also failed to state a claim for professional negligence or breach of fiduciary duty. "Absent duty there can be no breach and no negligence." (*Skarbrevik v. Cohen, England & Whitfield* (1991) 231 Cal.App.3d 692,

_____

[3] Plaintiff cites *Ruiz v. Herman Weissker, Inc.* (2005) 130 Cal.App.4th 52, 65, but the case does not stand for the proposition asserted.

6

700-701.)  Plaintiff was a stranger to Wells Fargo, and no facts were alleged that suggested the existence of a fiduciary duty or a professional duty of care.  By plaintiff's own allegations, Wells Fargo was retained by Microsemi, and until 2013 he had no contact with Wells Fargo.  Although "[l]imited exceptions to the privity rule have evolved in situations where the third party is the intended beneficiary" (*id.* at p. 701), plaintiff did not allege that he was an intended beneficiary of Wells Fargo's professional or fiduciary services.  Accepting as true plaintiff's allegations, Wells Fargo did not owe any professional or fiduciary duties to plaintiff.  Thus, plaintiff failed to state a claim for professional negligence or breach of fiduciary duty as against Wells Fargo for events after 2010.

Finally, the trial court did not err by refusing leave to amend.  Put simply, there is no reasonable possibility of plaintiff curing the defects in his first amended complaint.  (*Barroso*, *supra*, 208 Cal.App.4th at p. 1008.)  Although the proposed second amended complaint alleged some additional facts, the substance of the first cause of action was substantially the same as in the first amended complaint.  Indeed, the second amended complaint repeated many of the same allegations that proved fatal to the first amended complaint—for instance, that Microsemi retained Wells Fargo in 2010 and that plaintiff "had made no contact" with Wells Fargo prior to July 2013.  Before this court, plaintiff fails to suggest any facts or circumstances that he could allege to show that he had a professional or fiduciary relationship with Wells Fargo.  It is plaintiff's burden to show a reasonable possibility of curing the defects in his first amended complaint.  (*Barroso*, at p. 1008.)  He has not met that burden, and thus the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.[4]  (*Ibid.*)

## III.    DISPOSITION

The judgment of dismissal is affirmed.

---

[4] Plaintiff also asks this court to reassign his case to a different trial judge on remand.  Because we affirm, we need not address plaintiff's request.

7

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

DANNER, J.




*Mohsen v. Wells Fargo Shareowner Services et al.*
H045652